UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MOHAMAD SALEH, ET AL. | CIVIL ACTION |
| VERSUS | NO. 25-466 |
| PLANTERS BANK & TRUST COMPANY INDIANOLA, MISSISSIPPI | SECTION R (4) |

**ORDER AND REASONS**

Before the Court is defendant Planters Bank & Trust Company's (Planters) motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.[1] In the alternative, defendant requests an arbitration stay and a bankruptcy stay. Plaintiffs Esplanade Avenue Holdings, L.L.C. (Esplanade); Nidal Jaber; and Mohamed Saleh opposed this motion.[2] For the following reasons, the Court grants defendant's motion to stay and denies defendant's motion to dismiss.

**I. BACKGROUND**

The case arises out of a disputed foreclosure. The complaint alleges that in June 2022, Plaintiff executed a promissory note in favor of Planters.

---

[1] R. Doc. 7.
[2] R. Doc. 11.

1

In exchange, Esplanade allegedly executed a mortgage on the property at 832 Esplanade Avenue in New Orleans.[3]  Plaintiffs Nidal S. Jabar and Mohamed Farhat Saleh allegedly guaranteed the payment and performance of obligations under the Note and Mortgage.

According to documents submitted by Planters, as part of the commercial guaranty, plaintiffs signed an arbitration agreement.[4]  The agreement states that "either party may elect to resolve" any "claim, demand, or request for compensation or damages for any reason, civil or criminal" by binding arbitration.[5]  The Arbitration Agreement provides that any "dispute regarding whether a particular controversy is subject to arbitration, including any claim of unconscionability and any dispute over the existence, validity, interpretation, scope, or reach of this Agreement (including the arbitrability of any dispute) or of your entire account, loan or other agreement shall be decided by the arbitrator(s)."[6]  On the signature page in bolded, capitalized font, the agreement reads that "this agreement contains provisions for resolution of disputes by binding arbitration and a waiver of jury trial."[7]

---

[3]    R. Doc. 2, at 2.
[4]    R. Doc. 7-4, at 1.
[5]    *Id.*
[6]    *Id.* at 2.
[7]    *Id.* at 3.

2

Defendant alleges that plaintiffs defaulted on the obligations under the Note and Mortgage in April 2024, and defendant began foreclosing on the property in state court.[8] The complaint avers that Planters purchased the property at the foreclosure sale, at which it was the only bidder, and then resold the property days later at a significantly higher sum.[9] According to documents submitted by Planters, the bank then initiated an arbitration proceeding to obtain a deficiency payment from plaintiffs.[10]

Plaintiffs then sued in federal court, alleging federal due process violations, fraud, unjust enrichment, and conversion.[11] Plaintiffs allege that they never received the statutorily required service of process prior to the foreclosure and were unaware of the sale until defendant demanded the deficiency balance.[12] Defendant now moves to dismiss.[13] Defendant argues that the *Rooker-Feldman* doctrine bars federal subject matter jurisdiction.[14] Defendant also argues that plaintiffs have failed to state a claim upon which relief can be granted. Based upon the Arbitration Agreement, Planters asserts that the claims should be stayed to permit the parties to arbitrate

---

[8]   R. Doc. 2, at 2.
[9]   *Id.* at 3, 9.
[10]  *Id.*; R. Doc. 7-1, at 6.
[11]  R. Doc. 2, at 10.
[12]  *Id.* at 4-5.
[13]  R. Doc. 7.
[14]  R. Doc. 7-1, at 3.

3

their claims.[15] Planters also asserts that the claims should be stayed pending bankruptcy proceedings for Esplanade.[16] Plaintiffs respond that the Arbitration Agreement is permissive, not mandatory, and that Esplanade is no longer in bankruptcy proceedings.[17]

The Court considers the motion below.

## II.   LAW AND ANALYSIS

### A. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and possess power over only those cases authorized by the Constitution and federal statutes. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Plaintiff's complaint asserts that the Court has federal question jurisdiction and diversity jurisdiction.[18] Federal question jurisdiction "extends to all actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states," and the amount in controversy must exceed the "sum or value of $75,000 . . . ." 28 U.S.C. § 1332(a). If a

---

15   R. Doc. 7-1, at 6.
16   *Id.* at 7.
17   R. Doc. 11.
18   R. Doc. 2, at 2.

district court lacks jurisdiction over the subject matter of a plaintiff's claims, it must dismiss them. Fed. R. Civ. P. 12(b)(1).

Here, the Court has subject matter jurisdiction over plaintiffs' claims. The Court has federal question jurisdiction over plaintiffs' Constitutional claims. The Court has diversity jurisdiction over plaintiffs' remaining claims. There is complete diversity between the Louisiana citizen plaintiffs and the Mississippi corporation. The amount in controversy is greater than $75,000.[19] The prima facie requirements for diversity jurisdiction are met.

The *Rooker-Feldman* doctrine limits federal subject matter jurisdiction. The doctrine bars federal district courts from serving as appellate courts to review, modify, or nullify final state court judgments. *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004). The doctrine is narrow. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). A plaintiff may present independent claims, even if she denies a legal conclusion that a state court reached in a case to which she was a party. *Id.*

Defendant incorrectly asserts that the *Rooker-Feldman* doctrine bars federal subject matter jurisdiction. In *Truong v. Bank of America*, the Fifth Circuit held that the *Rooker-Feldman* doctrine did not bar claims against

---

19   R. Doc. 2, at 2.

5

foreclosing banks when the banks (1) misled the state court into thinking that the executory process evidence was authentic when, in fact, it was not; and (2) misled the plaintiff into foregoing her opportunity to dispute authenticity in state-court proceedings. *Truong,* 717 F.3d 377, 383 (5th Cir. 2013).

Here, some of plaintiffs' claims are nearly identical to those the Fifth Circuit allowed in *Truong*. In part, plaintiffs seek compensation for the damages suffered because of Planters' actions. The *Rooker-Feldman* doctrine does not bar these claims. While the *Rooker-Feldman* doctrine would bar plaintiffs' request that this Court annul and void a state court deficiency judgment, there is no state court deficiency judgment here. Planters is pursuing the deficiency judgment in arbitration, and not state court, and thus the deficiency at issue is not a final state court judgment. Applying the narrow *Rooker-Feldman* doctrine, this Court has subject matter jurisdiction over plaintiff's claims. *Id.* The Court denies Planters' motion to dismiss for lack of subject matter jurisdiction.

### B. Stay

Defendant asserts that the case should be stayed pending bankruptcy proceedings and pending arbitration.

6

*1. Bankruptcy*

After a bankruptcy petition is filed, an "automatic stay arises in favor of the debtor." *Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 353 (5th Cir. 2008). The stay continues until the bankruptcy case is closed or dismissed or a discharge is granted or denied. 11 U.S.C. § 362(c)(2).

Esplanade erroneously asserts that it is no longer a debtor in a bankruptcy proceeding.[20] The Bankruptcy Court record instead reflects that the bankruptcy proceeding as to Esplanade is still pending.[21] The automatic bankruptcy stay remains in place. *See* 11 U.S.C. § 362(c)(2). The Court grants Defendant's motion for a bankruptcy stay as to Esplanade.

*2. Arbitration*

There is a strong federal policy in favor of arbitration. *See Safer v. Nelson Fin. Grp. Inc.*, 422 F.3d 289, 294 (5th Cir. 2005). The Supreme Court has directed courts to "'rigorously enforce' arbitration agreements . . . ." *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985)). There is "no place for the exercise of discretion by a district court," and "district courts shall direct the parties to proceed to arbitration on issues as to which an

---

[20] R. Doc. 11, at 2.
[21] *In re Esplanade Avenue Holdings, L.L.C.*, Bankr. E.D. La., No. 25-10518.

arbitration agreement has been signed." *Dean Witter*, 470 U.S. at 218. Under § 3 of the Federal Arbitration Act, if a claim in a lawsuit is "referable to arbitration under an [arbitration] agreement," the district court "shall on application of one of the parties stay the trial of the action" pending arbitration. 9 U.S.C. § 3. Courts grant such a stay "unless it can be said with positive assurance that the arbitration clause is not susceptible of an interpretation that would cover the dispute at issue." *Safer*, 422 F.3d at 294 (cleaned up).

Doubts about the scope of arbitrability are construed in favor of arbitration. *Hornbeck Offshore Corp. v. Coastal Carriers Corp.*, 981 F.2d 752, 755 (5th Cir. 1993). In determining whether a party agreed to arbitrate a dispute, the court asks (1) whether there is a valid agreement to arbitrate the claims and (2) whether the dispute falls within the scope of that agreement. *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008) (per curiam). The Court then considers "whether any federal statute or policy renders the claims nonarbitrable." *JP Morgan & Chase Co. v. Conegie ex rel. Lee*, 492 F.3d 596, 598 (5th Cir. 2007).

The two-step analysis changes, however, when the arbitration agreement contains a delegation clause. With a delegation clause, parties have agreed "to arbitrate 'gateway' questions of 'arbitrability,' such as

8

whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010). Parties can "enter into an arbitration agreement that delegates to the arbitrator the power to decide whether a particular claim is arbitrable." *Id.* When the parties' agreement contains such a delegation clause, the court simply analyzes whether there is a valid agreement, and if so, whether there is "clear and unmistakable evidence" that the parties intended to arbitrate the arbitrability issue. *See Lloyd's Syndicate 457 v. FloaTEC, L.L.C.*, 921 F.3d 508, 514 (5th Cir. 2019). Second, if the Court determines that the parties have agreed to arbitrate the dispute in question, it "then must determine 'whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims.'" *Id.* (quoting *Webb v. Investacorp*, 89 F.3d 252, 258 (5th Cir. 1996)).

Defendant asserts that the suit should be stayed pending arbitration. Plaintiffs assert that the arbitration agreement is discretionary and not mandatory, as it states that "either party may elect to resolve" a covered dispute in arbitration.[22]

Here, the Court finds that the parties' Arbitration Agreement contains a delegation clause. The Arbitration Agreement provides that any "dispute

---

[22]    R. Doc. 11, at 2.

regarding whether a particular controversy is subject to arbitration . . . shall be decided by the arbitrator(s)."[23] In addition, the Agreement incorporates the American Arbitration Association rules, which provide that the "arbitrator shall have the power to rule on his or her own jurisdiction, with respect to the existence, scope, or validity of the agreement." Am. Arbitration Ass'n, *Commercial Arbitration Rules and Mediation Procedures* 14 (2022).

Because the parties' agreement contains a delegation clause, the Court conducts the two-part delegation clause analysis. The Court first looks to whether there is a valid agreement and whether there is "clear and unmistakable evidence" that the parties intended to arbitrate the arbitrability issue.

Here, the Court finds that there is a valid agreement and that there is "clear and unmistakable evidence" that the parties intended to arbitrate the arbitrability issue. The validity of the agreement is governed by state law contract principles. *Sharpe v. AmeriPlan Corp.*, 769 F.3d 909, 914 (5th Cir. 2014). The parties had capacity to contract; there was mutual assent; there was an object (securing the mortgage); and there was a lawful purpose. *See* La. Civ. Code Arts. 1918, 1927, 1966 & 1971. The parties do not assert otherwise. Therefore, under Louisiana law, there was a valid, enforceable

---

[23] R. Doc. 7-4, at 2.

10

Arbitration Agreement. The Court also finds that the language of the delegation clause is "clear and unmistakable evidence" that the parties intended to arbitrate the issue of arbitrability.[24]

The Court must then determine whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims. *Fleetwood Enterprises, Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002). The parties have not argued any, nor can the Court discern any, legal constraints external to the parties' arbitration agreement that foreclose arbitration of their dispute. The Court finds no such legal constraints here. *See Webb*, 89 F.3d at 258.

Because the Court finds that there is a valid arbitration agreement that contains "clear and unmistakable evidence" that the parties intended to arbitrate the question of arbitrability and that there are no legal constraints foreclosing arbitration, the Court finds that the claims are referable to arbitration. The Court stays the action pending arbitration. 9 U.S.C. § 3.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). The Court GRANTS

---

[24] R. Doc. 7-4, at 2.

11

defendant's motion to stay pending bankruptcy as to Esplanade under 11 U.S.C. § 362(a). The Court GRANTS defendant's motion to stay as to Jabar and Saleh pending arbitration under 9 U.S.C. § 3. This matter is STAYED and ADMINISTRATIVELY CLOSED pending conclusion of the bankruptcy proceedings as to Esplanade and the arbitration proceedings.

New Orleans, Louisiana, this 19th day of September, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE